Richard K. HUCHZERMEYER

v.

AT & T COMMUNICATIONS.

Civ. No. 1:89–cv–274–WCO.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 21, 1990.

Christopher Sheridan Miller, Troutman Sanders Lockerman & Ashmore, Atlanta, Ga., for AT & T Communications.

Robert C.D. McDonald, Office of Robert C.D. McDonald, Norcross, Ga., for Richard K. Huchzermeyer.

## ORDER

O'KELLEY, Chief Judge.

This case is presently before the court on the defendant's motion for summary judgment. After considering the entire record and the arguments of the parties, the court

concludes that it is appropriate to enter judgment as a matter of law. Accordingly, for the reasons set forth below, the defendant's motion for summary judgment is granted.

### Factual Background

The plaintiff Richard K. Huchzermeyer was employed by the defendant AT & T Communications for twenty-two years. He held various positions during his tenure, mostly in the area of public/media relations.

In January 1984, the divestiture of the defendant took effect, and as a result, there was significant reorganization of the defendant's companies and departments. As a part of this process, the defendant had to "surplus" or "reduce" its workplace in various locations. The defendant's "force reduction program consisted of a volunteer reduction package, as well as a mandatory reduction provision should the voluntary terminations not satisfy force reduction goals." Defendant's Memorandum in Support of Motion for Summary Judgment, p. 2 (citations omitted).

At this time, the plaintiff held a third level management position, as District Manager, Consumer Affairs for the defendant in Basking Ridge, New Jersey. The defendant determined that about fifty percent (50%) of the positions at this location needed to be eliminated. The plaintiff's position was among this 50%, and the defendant informed him that unless he found another position, he would be terminated.

The plaintiff responded by applying for and ultimately obtaining a second level management position (a down-grade) in media relations in Atlanta. He remained in this position from July 1984 to January 1987. During the course of his tenure in Atlanta, it appears that the plaintiff received fairly mediocre job performance appraisals. See Defendant's Memorandum in Support of Motion for Summary Judgment, pp. 3–4. As a result, he was "identified as

an employee to whom a voluntary reduction in force package would be offered." Id. at 4. The defendant, in fact, offered such a package to the plaintiff, and he declined to voluntarily step down.

In late 1986, as a part of the defendant's continued "downsizing programs," the defendant determined that the Atlanta Public Relations Department needed to be "restructured and consolidated." See id. To prepare for the necessary downsizing, the defendant ranked the Atlanta Public Relations employees based on levels of performance. The plaintiff was placed in a low level performance band and was informed that he was "at risk," meaning that he would be terminated if the voluntary reduction program was not successful in achieving the defendant's goals. These goals were not met, and the defendant advised the plaintiff on December 15, 1986 that he would be terminated effective January 15, 1987, unless he could obtain another position with the defendant. The plaintiff did not, and he was accordingly terminated in January of 1987.[1]

In the fall of 1987, the plaintiff apparently received information that there were some public relations openings in the "Atlanta Hub." On November 3, 1987, he sent a letter to the Public Relations Vice President for the Atlanta Hub, Jack Shultz, in which he indicated his interest in being rehired for one of the available positions. See Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, p. 13. Mr. Shultz never responded. After numerous attempts, the plaintiff finally reached Mr. Shultz by telephone. In addition to discussing his November 3rd letter, the plaintiff again expressed his interest in the available positions. Id. at p. 14.

Mr. Shultz declined even to consider the plaintiff because of his low performance rating and his involuntary termination. He was seeking "outstanding" candidates, and thus the seven available positions were

---

**1.** The plaintiff does not allege that any of the actions taken by the defendant up to this point constitute age discrimination.

awarded to other individuals, all of whom were apparently below the age of 40.

The plaintiff, who was 51 years old at the time of his "rehire" attempt, filed the captioned case against the defendant under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., alleging that the defendant refused to rehire him solely on the basis of his age.[2] In response, the defendant asserts that the plaintiff was not rehired because he was not sufficiently qualified and filed the present motion for summary judgment.

This case is now before the court on the defendant's motion for summary judgment.

## Discussion

### Standard of Review

Summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Because the procedure deprives the parties of a trial on the issues, the court must be careful to ensure that only those claims for which there is no need for a factual determination as to any material fact are disposed of by summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In addition, a court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. *Samples v. City of Atlanta*, 846 F.2d 1328, 1331 (11th Cir.1988); *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). To survive a motion for summary judgment, the non-moving party need only present evidence from which a jury might return a verdict in his favor. *Samples*, 846 F.2d at 1331.

### Defendant's Motion for Summary Judgment

In an age discrimination suit brought under the ADEA, the plaintiff bears the ultimate burden of establishing that age was a determinative factor in the defendant's decision not to rehire him. *See Verbraeken v. Westinghouse Electric, Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989), *cert. dismissed*, — U.S. —, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990). In order to carry this burden, the plaintiff must first establish a prima facie case of age discrimination. Once this is done, the burden then shifts to the defendant to "articulate" a legitimate, nondiscriminatory reason for not rehiring the plaintiff. At this point, the burden shifts back, for the final time, to the plaintiff, who then must prove by a preponderance of the evidence that the defendant's articulated reason is nothing more than a pretext for the alleged discriminatory treatment. *See id.; see also Mauter v. Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir.1987). If after considering all of the evidence in the light most favorable to the plaintiff, it is clear that the plaintiff cannot sustain one of his burdens, the court must grant the defendant's motion for summary judgment, and accordingly enter judgment against the plaintiff as a matter of law. *See Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir.1987) (court held that establishment of prima facie case does not in itself entitle plaintiff to survive motion for summary judgment).

The court will now examine each burden separately to ascertain whether they have been sufficiently met.

### A. Prima Facie Case

At the outset, the court must ascertain whether the plaintiff has made out a prima facie case of age discrimination. The court notes that the plaintiff unequivocally has indicated that his claim is founded solely upon the defendant's failure to rehire him,

---

**2.** The relevant portion of the ADEA provides that:

It shall be unlawful for an employer—
  (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; . . .

29 U.S.C. § 623(a)(1).

*see* Deposition of Richard K. Huchzermeyer, p. 5, thus the court need only focus on that particular incident.

█ In addition, the court notes that although the Eleventh Circuit previously has listed the required elements for establishing a prima facie case of age discrimination, that court has not had the opportunity to articulate the specific showing needed when the age discrimination claim is based on a failure to rehire. Nevertheless, it is clear to the court that only a slight variation in the wording of the general elements is necessary to adapt that language to the plaintiff's particular claim. Accordingly, the court holds that to establish a prima facie case of age discrimination for failure to rehire, the plaintiff must show that: (1) he is a member of the protected age group (40–70), 29 U.S.C. § 631(a); (2) he applied for the available positions or can establish that the defendant was otherwise obligated to consider him; (3) the positions were given to individuals outside the protected age group; and (4) he is qualified for the rehire positions. *See Wanger v. G.A. Gray Co.* 872 F.2d 142 (6th Cir.1989); *Verbraeken,* 881 F.2d 1041; *Ramsey v. Chrysler First, Inc.,* 861 F.2d 1541 (11th Cir.1988).[3]

Taking each element separately, the court initially observes that with regard to the first element, it is not disputed that the plaintiff was 51 years of age at the time that he sought to be rehired. Thus, the plaintiff was well within the range of protected ages under the ADEA.

█ As to the second element, the plaintiff admits that he never submitted a formal application for any of the positions in question, *see* Deposition of Richard K. Huchzermeyer, p. 102, and the defendant alleges that this fact alone prevents the plaintiff from establishing a prima facie case. The court declines to read the appli-

cation requirement in the strict manner proposed by the defendant.

The court notes that the plaintiff called Mr. Shultz on numerous occasions to inquire about the positions, although he was only able to speak with him once. *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, pp. 13–14. In addition, the plaintiff sent a letter to Mr. Shultz, clearly indicating his interest in available public relations positions within the Atlanta Hub. *Id.* at p. 15. These efforts, combined with the fact that Mr. Shultz admits that he consciously rejected or at least declined to consider the plaintiff, show that, for all intents and purposes, the plaintiff applied for the available positions within the Atlanta Hub. *See* Deposition of Jack Shultz, p. 19.

With regard to the third element, it is not completely clear whether the defendant filled all of the positions with individuals outside the protected age group. The plaintiff has alleged as much, however, and the defendant has not seriously disputed this point. Consequently, the court holds that the plaintiff has satisfied the third element.

█ Finally, the court concludes that the subjective nature of the fourth element prevents it from holding that the plaintiff has not established it. The defendant claims that the plaintiff was not qualified because he was in "the low band of performers" and was involuntarily terminated. *See* Defendant's Memorandum in Support of Motion for Summary Judgment, p. 28. The plaintiff, on the other hand, points to his twenty-two years of experience and attempts to discredit his most recent job performance appraisals to show that he was qualified. *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, pp. 41–42. Given this, the court can only conclude that there is a genuine dispute as to this issue, and hence the court

---

3. The Eleventh Circuit has stated generally that:
   A prima facie case of age discrimination is established if plaintiff proves (1) that he is a member of the protected group; (2) that adverse employment action was taken against

him; (3) that he was replaced by a person outside the protected group; and (4) that he was qualified for the position for which he was rejected.
*Ramsey,* 861 F.2d at 1543 (citations omitted).

cannot make a determination as a matter of law. Consequently, the court holds that the plaintiff has a made a sufficient showing as to the fourth element as well, and accordingly the plaintiff has satisfied his initial burden of establishing a prima facie case.[4]

### B. Legitimate, Nondiscriminatory Reason

■ Having determined that the plaintiff has established a prima facie case of age discrimination, the court now turns to the issue of whether the defendant has carried its burden of articulating a legitimate, non-discriminatory reason to explain its failure to rehire the plaintiff. It is well-settled that the burden which the employer bears here is that of production only—the employer need not actually *prove* the motivation behind its decision. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981). Hence, to rebut the plaintiff's prima facie case, an employer need only produce "evidence [that] raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Id.* at 254–55, 101 S.Ct. at 1094–95. This is accomplished when the employer "clearly set[s] forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." *Id.* at 255, 101 S.Ct. at 1094.

In the captioned case, the defendant clearly has carried this burden. The depositions, affidavits, and documents submitted by the defendant indicate that the plaintiff was not rehired because Mr. Shultz believed that his prior involuntary termination and past performance rendered him unqualified for any of the available positions. *See supra* 100–101. Without question, the evidence produced by the defendant establishes that the plaintiff may not have been rehired because he was not qualified, irrespective of his more advanced stage in life. Consequently, the court concludes that the defendant has articulated a legitimate, nondiscriminatory reason in response to the plaintiff's prima facie case.

### C. Plaintiff's Burden of Proving Pretext

■ Given the defendant's establishment of a legitimate, nondiscriminatory reason, the ultimate burden is now on the plaintiff to prove that this reason is merely a pretext for age discrimination. The main arguments presented by the plaintiff are contained in a lengthy discussion in his brief concerning his past experience, as well as his numerous "accomplishments." *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, pp. 3–13. However, longevity of service and one's own subjective appraisal of one's accomplishments alone, clearly do not establish that an individual is more "qualified" for a given position than someone else. This is particularly so in the captioned case because the plaintiff has produced no other direct or circumstantial evidence of age discrimination. In fact, the plaintiff openly admits in his deposition that his suit is based completely on conjecture or a "process of elimination":

A. If I had every single qualification for those jobs, including experience, education, experience in the various departments, I am only led to believe what else could it have been but age discrimination.

Q. So in your mind it was a process of elimination?

A. Absolutely.

---

4. The court observes that there are some serious problems with the plaintiff's age discrimination claim. In particular, several of the specific public relations positions for which he claims that he should have been hired were apparently filled before the plaintiff sent his letter to Mr. Shultz. *See* Defendant's Memorandum in Support of Motion for Summary Judgment, p. 17. In addition, the hiring decision as to one of those positions was made by William Hindman,

an individual who the plaintiff had never even contacted. *See id.* Nevertheless, the court notes that because the plaintiff has filed only *one* claim, not seven separate claims, if any of his allegations with regard to the seven public relations positions is viable, then his claim is viable. Accordingly, the court need not concern itself with each individual allegation in ruling on the defendants motion for summary judgment.

Q. Leaving age discrimination as the motivation?

A. Yes, sir.

Deposition of Richard K. Huchzermeyer, pp. 7–8.

Given this exchange, it is obvious that the plaintiff cannot establish that age played a substantial role in the defendant's failure to rehire him. *See Mauter v. Hardy Corp.*, 825 F.2d 1554, 1558 (11th Cir. 1987). At best, he can only hope that a jury would engage in his "process of elimination," and from there make the inferential leap to a finding of age discrimination. This hope alone, however, in the court's opinion, is not sufficient to rebut the defendant's evidence of a legitimate, nondiscriminatory reason.

## Conclusion

Although the plaintiff has established a prima facie case of age discrimination, he has failed to rebut the defendant's evidence of a legitimate, nondiscriminatory reason, and hence clearly cannot carry his ultimate burden of proving that age was a determinative factor in the defendant's decision not to rehire him. *See Palmer v. District Board of Trustees of St. Petersburg Junior College*, 748 F.2d 595, 599 (11th Cir. 1984), *reh'g denied*, 752 F.2d 649 (11th Cir.1985); *see also Grigsby v. Reynolds Metals Co.*, 821 F.2d 590 (11th Cir.1987); *Verbraeken*, 881 F.2d at 1045. Accordingly, for the reasons set forth more fully above, the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.