921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul F. HAGGERTY, Plaintiff-Appellant,
v.
LORAIN PRODUCTS, DIVISION OF RELIANCE COMM/TEC CORPORATION,
Defendant-Appellee.
 No. 90-3220.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's grant of summary judgment in favor of defendant in a failure to rehire case arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634 (1985), claiming the district court erred in holding that plaintiff failed to establish a prima facie case. For the reasons that follow, we AFFIRM.
 
 A.
 
 2
 Plaintiff was forty-three (43) years old when he was released from his employment with defendant Lorain Products, Division of Reliance Comm/Tec Corporation ("the Company") due to a reduction in work force. Plaintiff had occupied the position of Assistant General Accounting Manager from October 1977 until June 1986. Just prior to his termination, plaintiff had been earning approximately $33,000 per year. Following his termination, plaintiff received eight weeks of severance pay, payouts from a savings and investment plan and employee stock ownership plan, and unemployment compensation. The Company had no policy of providing recall or rehire rights to terminated professional salaried personnel such as plaintiff.
 
 
 3
 On October 21, 1986, plaintiff wrote to his former supervisor, Abram Klassen, thanking him for a letter of recommendation and stating: "Presently, I have not secured a position in my area of expertise. If business picks-up with Lorain Products in the near future as we all hope it does, I would like to let you aware [sic] that I would consider it a great pleasure to return to Lorain Products." Klassen did not respond to the letter. Plaintiff never filled out a job application following his termination, nor did he contact any person in the Personnel Department. In January 1987, the Company hired a twenty-four (24) year old (Ed Loos) for a position titled Assistant General Accounting Manager at a salary of approximately $26,000. Despite the fact that Loos' position carried the same title as plaintiff's former position, defendant maintains it was a new position with different job duties. Loos was selected by General Accounting Manager David Schneider with whom he had previously worked in the corporate audit staff. Schneider did not know plaintiff and plaintiff was not considered for the position. Plaintiff obtained new employment in September 1987.
 
 B.
 
 4
 Because plaintiff does not challenge the grounds for his termination, we apply the standard governing rehiring or recalls following a valid reduction in workforce. In order to establish a prima facie case, in a failure-to-rehire situation a plaintiff must establish the following factors:
 
 
 5
 1) that he is a member of the protected age group;
 
 
 6
 2) that he is qualified for the rehire or recall position;
 
 
 7
 3) that he applied for the available position or can establish that the employer was otherwise obligated to consider him; and
 
 
 8
 4) that the position went to a younger individual outside the protected class or that other reasonable evidence exists for inferring that he was denied a position because of his age.
 
 
 9
 Wanger v. G.A. Gray Co., 872 F.2d 142, 145 (6th Cir.1989). We recognized in Wanger, however, that if an employer hires employees without asking for applications or posting the opening "the application requirement of the prima facie case is somewhat loosened. In this situation, the plaintiff can establish the application element of a prima facie case by showing that, had she known of an ... opening, she would have applied." Id. at 146 (quoting Box v. A & P Tea Co., 772 F.2d 1372, 1377 (7th Cir.1985), cert. denied, 478 U.S. 1010 (1986)). Nonethless, we added that in order for an employee to establish that she would have applied for the position if she had been aware of it, the employee must establish that she "had shown more than a mere general interest in the position." Wanger, 872 F.2d at 146 (citation omitted).
 
 
 10
 In this case, defendant admits that it never asked for applications or posted the available opening, but rather hired for the position from within the Company. On the other hand, plaintiff concedes in his brief that defendant was not otherwise obligated to consider him for reemployment apart from the application process. Therefore, the issue presented for our consideration is whether plaintiff's October 21, 1986 letter to the Company satisfied the "loosened" application requirement for a prima facie case. Id. We agree with the district court that the letter did not satisfy the requirement because it failed to convey more than a "mere general interest" in the position. Id. Several factors lead us to this conclusion. First, the statement that plaintiff "would consider it a great pleasure to return to Lorain Products" was contained within the context of a thank-you letter written in response to a letter of recommendation and, as such, was suggestive of a courtesy rather than a serious desire to be rehired. Second, the letter was sent solely to plaintiff's former supervisor. No copy was sent to an individual with authority over hiring decisions, such as to a member of the personnel department, nor was a request made to forward it to that department. Third, plaintiff did not request that his letter be kept on file for future reference. Finally, the letter was sent at least three months before the new position was created.
 
 
 11
 We find in accordance with the district court that these facts, taken together, are insufficient to fufill the application requirement of a prima facie case under the ADEA. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of defendant.