UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CAMBRIDGE CAPITAL GROUP,
INCORPORATED; FITNESS AMERICA
JOINT VENTURE; SUSANNA FELDMAN;
WATKINS FAMILY TRUST; ERIC L.
CUMMINGS,
            *Plaintiffs-Appellants,*

            and

KEVIN S. CUMMINGS,
                        *Plaintiff,*

            v.

RICHARD A. PILL; DAVID P. PILL;          No. 00-2244
PILL & PILL, attorneys at law,
            *Defendants & Third Party
                Plaintiffs-Appellees,*

            and

WILMA SCHUSTER,
                        *Defendant,*

            v.

ROBERT P. GOLDMAN; DIAMOND TITLE
CORPORATION,
    *Third Party Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CA-99-32-3)

Argued: May 7, 2001

Decided: June 29, 2001

Before WIDENER and WILKINS, Circuit Judges, and Arthur L. ALARCON, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Ivan Victor Bogachoff, BOGACHOFF & ASSOCIATES, P.C., Washington, D.C., for Appellants. Richard Gallatin Gay, Sr., LAW OFFICE OF RICHARD GAY, Berkeley Springs, West Virginia, for Appellees Pill; William Leonard Mitchell, II, ECCLESTON & WOLF, P.C., Baltimore, Maryland, for Appellees Goldman, et al. **ON BRIEF:** Andrew Zimmer, BOGACHOFF & ASSOCIATES, P.C., Washington, D.C., for Appellants. Nathan P. Cochran, LAW OFFICE OF RICHARD GAY, Berkeley Springs, West Virginia, for Appellees Pill; Edward J. Hutchins, Jr., ECCLESTON & WOLF, P.C., Baltimore, Maryland, for Appellees Goldman, et al.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cambridge Capital Group, Inc., Fitness America Joint Venture, Meadow Financial, L.L.C., Watkins Family Trust, Eric L. Cummings, and Susanna Feldman filed an action for breach of contract and legal malpractice against Richard A. Pill, David P. Pill, the law firm of Pill & Pill, Wilma Schuster, Robert P. Goldman and Diamond Title Corporation. The district court granted summary judgment in favor of the Appellees. Appellants appealed from that order. We conclude that the

district court properly granted summary judgment to Appellees and affirm for the reasons set forth below.

I

Eric L. Cummings is the president of Cambridge Capital Group, Inc. ("Cambridge Capital"). Cambridge Capital made a $500,000 loan to Randall Coyle, Sonja Coyle, and Rando Enterprises (collectively "Rando") in January 1997. The loan was secured, inter alia, by an 18.9 acre plot of real estate in West Virginia ("the Rando lot"). Cummings retained Robert Goldman, a Maryland attorney, to coordinate the loan closing. Because Goldman was not licensed to practice law in West Virginia, however, he informed Cummings that he could not conduct the title examination of the Rando lot.

In early March 1997, Cummings retained David Pill ("Pill"), a member of the bar of West Virginia, and his law firm, Pill & Pill, to issue a title binder and report on the Rando lot, prepare a deed of trust, and record the deed in West Virginia. Pill faxed a title binder to Cummings and Goldman on March 20, 1997. Neither party disputes that the title binder accurately reflected that Rando had only an undivided one-half interest in the Rando lot and that this interest was encumbered by a first deed of trust.

It is also undisputed that Cummings never read the title binder, either upon receipt or at the loan closing on April 10, 1997. By June 23, 1997, the loan had been fully funded. Rando defaulted on the loan shortly thereafter. The owner of the first deed of trust on Rando's one-half undivided interest in the Rando lot foreclosed. Appellants filed this diversity action, asserting state law contract and tort claims.

Appellees filed a motion for summary judgment on June 9, 2000. Appellants did not file an opposition to the motion for summary judgment. Moreover, Appellants did not request a continuance under Rule 56(f) of the Federal Rules of Civil Procedure in order to conduct additional discovery to rebut the motion. Appellants also failed to request a hearing on the motion for summary judgment under Rule 4.01(f) of the Local Rules for the Northern District of West Virginia. The district court granted the motion for summary judgment on August 21,

2000. Appellants did not seek relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

## II

We review de novo a grant of summary judgment. *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 269 (4th Cir. 2001). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment a district court must review the motion, even if unopposed, and determine from the facts it has before it whether the moving party is entitled to summary judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

Appellants first argue that the district court erred by refusing to consider the reports of its experts that they offered prior to Appellees' filing of a motion for summary judgment. The district court refused to consider the reports because it concluded that they failed to comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Rule 26(a)(2)(B) requires that a party who seeks to introduce an expert's opinion into evidence must provide a disclosure report to the other parties to the action containing "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence . . . *on a motion* any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1) (emphasis added). "The determination of whether a Rule 26(a) violation is [substantially] justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares,*

*Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996); *see Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 369 (4th Cir. 1986).

The district court concluded that the reports did not meet the requirements of Rule 26(a)(2)(B) because they were so vague that they did not permit Appellees to prepare a proper defense. The district court ordered Appellants to submit more specific expert reports. Appellants failed to comply with this order.

Appellants do not dispute that the expert reports did not meet the requirements of Rule 26(a)(2)(B). Appellants did not offer any justification before the district court for their failure to comply with the requirements of Rule 26(a)(2)(B). They offer none on this appeal. Because Appellants' expert reports failed to meet the requirements of Rule 26(a)(2)(B), the district court did not abuse its discretion by refusing to consider them in determining whether Appellants had raised a genuine issue of material fact on their breach of contract and legal malpractice claims against Appellees.

III

Appellants next argue that the district court erred by treating as uncontested facts which were actually in dispute. They maintain that the district court failed to draw all justifiable inferences in their favor, as required by Rule 56(c).

In its final order, the district court stated that "Goldman telephoned Eric Cummings[,] who told him that he had received the title commitment and that he would 'take care of it.'" In fact, Cummings testified at his deposition that Goldman never called him. The district court stated that "David Pill faxed a title insurance binder . . . to Eric Cummings and Cambridge Capital for . . . review and approval," and that a "copy of the title insurance binder was also faxed to Goldman and Diamond Title." However, a fax cover sheet offered by Appellees in support of their motion for summary judgment suggests that Pill faxed the title binder to Goldman and faxed a "courtesy-copy" to Cummings. The district court's order also states that "Cummings testified that he had received a document from the law firm of Pill & Pill that purported to be a title binder but had failed to look at it." Cummings

actually testified that he could not recall when or how he had received the title binder.

While there is a variance between the facts in the record and the disputed findings of the court, Appellants have failed to demonstrate that a genuine issue of material fact exists regarding whether Pill and his firm breached their contract or committed legal malpractice. In support of their motion for summary judgment, Appellees presented Cummings's deposition testimony that he had received an accurate title binder from Pill & Pill prior to the loan closing. Appellees also submitted expert reports indicating that Pill and his firm had complied with the applicable standard of care for attorneys under West Virginia law. Appellants concede that Cummings had the title binder by the time of the loan closing. Therefore, whether Cummings told Goldman he had received the title binder and would "take care of it," whether Cummings testified he could recall how or when he received the title binder, and whether Pill faxed the title binder to Cummings or Goldman are facts that are not material in determining whether Appellants are entitled to a trial on the merits. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248.

## IV

Appellants contend that the district court erred in failing to take as true the factual allegations in their complaint. This argument lacks merit. Allegations contained in a complaint are not evidence, and cannot defeat a motion for summary judgment. *See Celotex*, 477 U.S. at 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . .").

## V

Appellants also argue that the district court erred in accepting as true the opinions of Appellees' experts for the purpose of ruling on Appellees' motion for summary judgment. We disagree. "[T]he failure of a party to respond to a summary judgment motion . . . leave[s]

uncontroverted those facts established by the motion . . . ." *Custer*, 12 F.3d at 416.

## VI

Finally, Appellants maintain that the district court's failure to hear oral argument before granting summary judgment violated its right to due process under the Fifth Amendment. Appellants did not request oral argument. They provide no authority for the proposition that the Fifth Amendment requires a district court to hold a hearing on a motion for summary judgment in the absence of a request by the parties. Our research did not disclose any support for this argument.

*AFFIRMED*