NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0465n.06

No. 12-5996

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CURTIS MCNEIL, | ) | |
| | ) | **FILED** |
| Plaintiff - Appellant, | ) | *May 09, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR THE** |
| SONOCO PRODUCTS COMPANY, | ) | **WESTERN DISTRICT OF TENNESSEE** |
| | ) | |
| Defendant - Appellee. | ) | |
| | ) | |

Before:  ROGERS, WHITE, and ALARCÓN,[*] Circuit Judges.

PER CURIAM.  Plaintiff-Appellant Curtis McNeil appeals the district court's grant of summary judgment in favor of Defendant-Appellee Sonoco Products Company ("Sonoco") in this employment discrimination case.  McNeil worked as a machine operator for eighteen years at Sonoco's manufacturing facility in Memphis, Tennessee, until he was discharged.  McNeil's complaint alleged that Sonoco discharged McNeil on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634; and disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.  McNeil also alleged that he

---

[*]The Honorable Arthur Alarcón, United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

No. 12-5996
*McNeil v. Sonoco Products Co.*

was discharged in retaliation for complaining about Sonoco's previous failure to accommodate a disability.

The district court granted summary judgment in Sonoco's favor on all claims, concluding that McNeil abandoned his age and disability claims and failed to meet his burden of establishing a prima facie case of race discrimination. McNeil appeals the grant of summary judgment as to his race discrimination claim.[1] We AFFIRM.

We review the district court's grant of summary judgment de novo, *Lautermilch v. Findlay City Schools*, 314 F.3d 271, 274 (6th Cir. 2003), viewing the evidence in the light most favorable to McNeil, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Title VII prohibits an employer from "discharg[ing] any individual . . . because of such individual's race [or] color. . . ." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of racial discrimination, to establish a prima facie case of race discrimination, McNeil must demonstrate he:

---

[1] At summary judgment, the district court deemed McNeil's age and disability claims abandoned. In his opening brief before this Court, McNeil focuses only on his race discrimination claim. By failing to raise any specific challenges to the district court's ruling that he abandoned his age and disability claims, McNeil has waived those challenges. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.") (citation omitted); *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (holding an argument waived where the plaintiff "wholly fail[ed] to address th[e] issue in her appellate brief").

(1) was a member of a protected class; (2) was discharged; (3) was qualified for the position; and (4) either was replaced by a person outside of the protected class or was treated differently than similarly situated non-protected employees. *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992).

For purposes of summary judgment, Sonoco conceded the first two elements—that McNeil is a member of a protected group, African-American, and that his discharge was an adverse employment decision.

The district court concluded that questions of fact remained as to the third element, whether McNeil's serial absences rendered him unqualified for his position, but that McNeil failed to establish the fourth element of his prima facie race-discrimination case because he was not replaced by a person outside of the protected class. There is no dispute that McNeil's position ultimately was filled by an African-American. Consequently, the district court correctly concluded that McNeil failed to establish he was replaced by a worker outside his protected class.

McNeil alternatively could satisfy the fourth prima facie element by proffering evidence "that a comparable non-protected person was treated better" in all relevant respects. *Mitchell*, 964 F.2d at 582–83 (internal quotation marks omitted). McNeil failed to proffer any evidence that a similarly situated employee outside of his protected class was treated more favorably and instead relied—impermissibly—on argument and the allegations in his complaint. *See id.* at 584 ("It is now quite well-established that, in order to withstand a motion for summary judgment, the party opposing

the motion must present 'affirmative evidence' to support his/her position.") (citations omitted).

Thus, the district court properly held that McNeil failed to make out a prima facie case of race

discrimination.[2]

        **AFFIRMED.**

---

[2]Even had the district court credited McNeil's affidavit in its totality, McNeil would not have satisfied the fourth prima facie element, as the affidavit did not address whether he was replaced by a person outside the protected class, and set out only vague, conclusory statements that unnamed white employees "are allowed to clock in late, if at all," and are "not written-up for every little infraction like blacks are."  R. 22-1 at 4.